## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JOHN DEWEY LIM,**

                    **Plaintiff,**

        **v.**                            **CASE NO. 20-3006-SAC**

**ARAMARK INC.,**

                    **Defendant.**

**JOHN DEWEY LIM,**

                    **Plaintiff,**

        **v.**                            **CASE NO. 20-3019-SAC**

**(FNU) SHIRMEKAS, et al.,**

                    **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff John Dewey Lim, a prisoner being held at the Johnson County Adult Detention Center ("JCADC") in Olathe, Kansas at the time of filing, brings these *pro se* civil rights actions pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *in forma pauperis*.  Because these two actions stem from the same incident, the Court hereby consolidates them.  *See* Fed. R. Civ. P. 42(a)(2) ("If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions.")  For the reasons discussed below, Plaintiff is ordered to show cause why his consolidated complaint should not be dismissed.

## I.  Nature of the Matter before the Court

Plaintiff's complaints bring one count alleging violation of his rights under the Eighth Amendment.  Plaintiff states that on December 2, 2019, Aramark employees served him potato salad containing a large metal screw.  The screw was over an inch long and thicker than his finger. Plaintiff discovered the screw by biting down on it and chipping his tooth.

Plaintiff names as defendants Aramark Inc., Kitchen Manager Shirmekas, and Server Doe 1. He claims violation of his rights under the Eighth Amendment and seeks compensatory damages of $5,000 to repair his tooth and $100,000 for the trauma he suffered.  He also requests that all of his meals consist only of pre-packaged food.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915A(a).  Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency.  *See* 28 U.S.C. § 1915(e)(2).  Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the

complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

### A. Defendant Aramark Inc.

Under some circumstances, corporations like Aramark may be considered as persons acting under color of state law for purposes of § 1983. But, they may not be held liable based upon respondeat superior – that is, solely because they employ a person who violated the Constitution. *See Rascon v. Douglas*, 718 F. App'x 587, 589–90 (10th Cir. 2017); *Spurlock v. Townes*, 661 F. App'x 536, 545 (10th Cir. 2016); *Green v Denning*, 465 F. App'x 804, 806 (10th Cir. 2012); *Baker v. Simmons*, 65 F. App'x 231, 234 (10th Cir. 2003); *Dickerson v. Leavitt Rentals*, 995 F. Supp. 1242, 1247 (D. Kan. 1998); *Williams v. Correct Care Sols.*, No. 19-3075-SAC, 2019 WL 2005920, at *2 (D. Kan. May 7, 2019); *Jefferson v. Aramark Corr. Servs.*, 2017 WL 6557419, at *2 (D. Kan. Dec. 22, 2017); *Livingston v. Correct Care Solutions*, 2008 WL 1808340, at *1-2 (D. Kan. Apr. 17, 2008). Plaintiff must allege facts showing a policy or a custom of Aramark that caused his injury. *Spurlock*, supra; *Green*, supra. Plaintiff has failed to allege such facts. Therefore, Plaintiff is directed to show good cause why his claim against Defendant Aramark should not be dismissed.

### B. Eighth Amendment

Plaintiff complains that he chipped his tooth on a metal screw in a serving of potato salad. He asserts that ingesting the screw "could kill [him]" and presented an obvious threat to his life and health. He claims violation of his Eighth Amendment rights.

Plaintiff states he was being detained at the JCADC as a pretrial detainee. The source of the constitutional protections for pretrial detainees is the Due Process Clause while the protections afforded convicted prisoners derive from the Eighth Amendment. *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998); *see also Covalt v. Inmate Servs. Corp.*, 658 F. App'x 367, 369 (10th Cir. 2016). However, regardless of his status, the same standard governs his claim challenging the conditions of his confinement. *Id.*

A prison official violates the Eighth Amendment when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id.* To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834. Prison officials must have a "sufficiently culpable state of mind," and in prison conditions cases that state of mind is "deliberate indifference" to inmate health or safety. *Id.* "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual

'punishments.'" *Id.*  It is not enough to establish that the official should have known of the risk of harm.  *Id.*

Plaintiff's allegations fail to plausibly state a claim for the deprivation of his constitutional rights.  His description of the incident does not demonstrate how the screw being in the food resulted from the deliberate indifference of any individual, as opposed to mere negligent conduct. Claims under § 1983 may not be predicated on mere negligence.  *See Daniels v. Williams*, 474 U.S. 327, 330 (1986) (holding that inmate who slipped on a pillow negligently left on a stairway by sheriff's deputy failed to allege a constitutional violation); *see also Medina v. City and County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992) ("negligence and gross negligence do not give rise to section 1983 liability").

Courts have found similar allegations insufficient to establish the violation of a constitutional right.  *See, e.g., Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010) ("[F]inding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected."); *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992) (ruling that presence of foreign objects in food was insufficient to prove deliberate indifference); *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("The fact that [prison] food occasionally contains foreign objects or is sometimes served cold, while unpleasant, does not amount to a constitutional deprivation."); *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (same); *Ockert v. Beyer*, No. 10–3058– SAC, 2010 WL 5067062 at *2 (D. Kan. Dec. 7, 2010) (unpublished) (recognizing that an occasional foreign object in food does not give rise to a constitutional violation).

Therefore, Plaintiff's consolidated complaint is subject to dismissal for failure to state a plausible claim for § 1983 relief.

## IV.  Response Required

For the reasons stated herein, Plaintiff's consolidated complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.  Plaintiff is therefore required to show good cause why his complaint should not be dismissed.  Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Case Nos. 20-3006-SAC and 20-3019-SAC are consolidated.  All future filings shall be captioned and docketed in Case No. 20-3006-SAC.  The order to pay a filing fee is set aside in Case No. 20-3019-SAC.  Plaintiff remains obligated to pay the full filing fee in Case No. 20-3006-SAC.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including **September 21, 2020**, in which to show good cause, in writing, why his consolidated complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED:  This 21st day of August, 2020, at Topeka, Kansas.


s/  Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**